# **Exhibit 1**

STATE OF NORTH CAROLINA

DURHAM County

File No.
24CV010404-910

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name And Address Of Plaintiff 1
FREDDIE FOUST
3116 NORTHLINE AVENUE
GREENSBORO, NC 27401

Name And Address Of Plaintiff 2

**GENERAL CIVIL ACTION COVER SHEET**

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

VERSUS

Name And Address Of Defendant 1
DUKE UNIVERSITY
310 BLACKWELL STREET, 4TH FLOOR
DURHAM, NC 27701

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)
Shayla C. Richberg
3326 Durham-Chapel Hill Blvd.
Building B-120A
Durham, NC 27707

Telephone No. 919-403-2444    Cellular Telephone No.

NC Attorney Bar No. 44743    Attorney Email Address: DefendMe@RichbergLaw.com

Summons Submitted  ☒ Yes  ☐ No

Name And Address Of Defendant 2

☒ Initial Appearance In Case  ☐ Change of Address

Name Of Firm: Richberg Law    Fax No. 919-869-1440

Counsel For: ☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

Summons Submitted  ☒ Yes  ☐ No

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

**TYPE OF PLEADING**
(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

Electronically Filed Date: 11/18/2024 4:38 PM Durham Superior Court County Clerk of Superior Court
AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

## CLAIMS FOR RELIEF

- [ ] Administrative Appeal (ADMA)
- [ ] Appointment Of Receiver (APRC)
- [ ] Attachment/Garnishment (ATTC)
- [ ] Claim And Delivery (CLMD)
- [ ] Collection On Account (ACCT)
- [ ] Condemnation (CNDM)
- [x] Contract (CNTR)
- [ ] Discovery Scheduling Order (DSCH)
- [ ] Injunction (INJU)
- [ ] Limited Driving Privilege – Out-Of-State Convictions (PLDP)
- [ ] Medical Malpractice (MDML)
- [ ] Minor Settlement (MSTL)
- [ ] Money Owed (MNYO)
- [ ] Negligence – Motor Vehicle (MVNG)
- [ ] Negligence – Other (NEGO)
- [ ] Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- [ ] Possession Of Personal Property (POPP)
- [ ] Product Liability (PROD)
- [ ] Real Property (RLPR)
- [ ] Specific Performance (SPPR)
- [x] Other *(specify and list each separately)*
  EMPLOYMENT RETALIATION

Date: 

Signature Of Attorney/Party: 

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |

| No. | Additional Defendant(s) | Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

____DURHAM____ County

File No. **24CV010404-310**

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
FREDDIE FOUST

**Address**
3116 Northline Avenue

**City, State, Zip**
Greensboro, NC 27401

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

**VERSUS**

G.S. 1A-1, Rules 3 and 4

**Name Of Defendant(s)**
DUKE UNIVERSITY

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
DUKE UNIVERSITY
310 BLACKWELL STREET, 4TH FLOOR
DURHAM, NC 27701

**Name And Address Of Defendant 2**

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents. DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)**
Shayla C. Richberg
Richberg Law
3326 Durham-Chapel Hill Blvd. B-120A
Durham, NC 27707

**Date Issued** 11/18/2024  **Time** 4:44:03 pm ☐ AM ☐ PM

**Signature** /s/ Jane Gilliam

☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☒ Other manner of service *(specify)*
Certified Return Receipt

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| | |
|---|---|
| STATE OF NORTH CAROLINA<br>COUNTY OF DURHAM | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>Civil Action No. 24CVS_____ |
| FREDDIE FOUST<br>      *Plaintiff,*<br><br>v.<br><br>DUKE UNIVERSITY,<br><br>      *Defendants.* | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)**<br><br>Electronically Filed |

**NOW COMES**, Plaintiff, **FREDDIE FOUST**, hereinafter referred to as ("Mr. Foust"), by and through his counsel of record, Shayla C. Richberg, and hereby moves this Honorable Court, for damages against Defendants alleging discrimination on the basis of: (1) Retaliation, pursuant to, 42 U.S.C. § 1981, *et seq.* as amended; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended; and N.C. Gen. Stat § 95-241; and (2) Retaliatory Failure to Rehire, pursuant to 42 U.S.C. § 1981, *et seq.* as amended; and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and N.C. Gen. Stat § 95-241.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

1. Plaintiff has exhausted all required administrative remedies.

2. On 3 July 2024, Mr. Foust filed a charge of discrimination with the Equal Employment Opportunity Commission alleging discrimination based on race, color, and retaliation. On or around 23 August 2024, Mr. Foust received his letter of right to sue, giving him the right to file this present action.

## **PARTIES**

3. Plaintiff is a current citizen and resident of Greensboro, Guilford County, North Carolina.

4. Defendant Duke University (hereinafter Defendant Duke) is organized and exists under the laws of the State of North Carolina with its registered office and agent located in Durham County, Durham, North Carolina.

5. At all times relevant hereto, Mr. Foust was an employee of Defendant Duke.

## JURISDICTION AND VENUE

6. At all material times herein, Defendant conducted business throughout the State of North Carolina.

7. That the primary acts occurred in Durham County, Durham, North Carolina.

8. At all material times herein, Plaintiff was employed by Defendant Duke.

9. Upon information and belief, at all material times herein, Defendant Duke has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce in the State of North Carolina.

10. At all times material hereto, Defendant Duke has had more than 500 employees in each of the 20 or more calendar weeks in the current or preceding calendar year.

11. This court has jurisdiction over the subject matter of this action pursuant to N.C. Gen. Stat. §7A-243.

12. That this court has Personal Jurisdiction over Defendants, as Defendants have sufficient contacts and reside in the State of North Carolina with registered offices in Durham County, Durham, North Carolina.

13. Therefore, venue is proper under N.C. Gen. Stat §1-82.

14. Defendants have purchased liability insurance which waives governmental immunity, if any, pursuant to NC. Gen. Stat. §160-A-485.

## STATEMENT OF THE FACTS

15. Mr. Foust is an African American Male over the age of forty ("40").

16. Mr. Foust began working for Defendant Duke on or around 1 February 2023, as the Program Coordinator for the Mentoring and Career Development Office.

17. Mr. Foust's estimated annual salary was about fifty-six thousand dollars ($56,000).

18. While employed with Defendant Duke, Susan Gordon, white woman, served as Mr. Foust's supervisor.

19. Mr. Foust was required to meet with staff regularly on virtual zoom meetings.

20. At the start of his zoom meetings before other staff members logged on, Susan Gordon would make derogatory comments about Mr. Foust's race and color and would tell him that he was too dark for the camera.

21. That in addition to derogatory comments Susan Gordon sent an inappropriate email to Mr. Foust that was racially offensive.

22. At no time did Mr. Foust give Susan Gordon any indication that he was ok with her offensive comments, yet Susan Gordon continued to make Mr. Foust feel uncomfortable at work and used derogatory slurs.

23. From 6 February 2023 through the middle of March 2023, Susan Gordon continued to make the same derogatory comments to Mr. Foust about his race and skin color.

24. That on or around 15 March 2023, Mr. Foust began voicing his concerns directly to Susan Gordon about his feelings of race and color discrimination.

25. After Mr. Foust reported his concerns to Susan Gordon she began to create a hostile work environment for Mr. Foust, by ignoring him at work, failing to train him on necessary work tasks, and writing Mr. Foust up for performance issues.

26. On or around 5 April 2023, Mr. Foust sent an email to Beverly Harris, Defendant Duke's Human Resources Director for Office of Alumni Engagement and Development, requesting a call to discuss his complaints of race discrimination.

27. Mr. Foust informed Beverly Harris that he felt that Susan Gordon was discriminating against him and that she made several derogatory and offensive comments to him while at work and in an email.

28. Mr. Foust informed Beverly Harris that he felt that Susan Gordon was creating a hostile work environment for him in retaliation of Mr. Foust informing her of his feelings of discrimination and his belief that she was refusing to train him on necessary job tasks that he needed to perform.

29. On 10 April 2023, Ms. Harris informed Mr. Foust that she would speak to Susan Gordon about his complaints that same day.

30. Shortly after, on 11 April 2023, Susan Gordon terminated Mr. Foust's employment with the assistance of Ms. Harris who was also present.

31. On 13 August 2023, Mr. Foust timely appealed his termination by filing a complaint with Defendants' Office for Institutional Equity.

32. On 23 August 2023, Mr. Foust met with Cherise Johnson, Intake and Assessment Manager for Duke's Office of Institutional Equity. Mr. Foust was informed by Ms. Johnson that he was eligible for rehire and he needed to reapply for other positions within the Duke University and Duke University Health Systems.

33. While waiting for a response to his appeal, Mr. Foust, on 8 September 2023, began applying for new jobs at Duke University since he was deemed eligible for rehire.

34. On 18 September 2023, Mr. Foust applied for a Senior Program Coordinator position (235656).

35. On 20 September 2023, Mr. Foust's application and resume was forwarded to the hiring manager for the Program Coordinator position (235656).

36. On 21 September 2023, Mr. Foust met with Nikie Stovall, the Equal Opportunity Compliance Investigator for Duke's Office of Institutional Equity, to discuss his complaint of discrimination and retaliation.

37. During Mr. Foust's meeting with Ms. Stovall again informed Mr. Foust that he was eligible for rehire and needed to reapply for other positions within Duke University and Duke University Health Systems.

38. On 6 October 2023, Mr. Foust met with Mr. Dominic Mitchell, J.D., Director of Duke's HR Staff and Labor Relations, to discuss his complaint of discrimination and retaliation. During Mr. Foust's meeting with Mr. Mitchell, he informed Mr. Foust that he was eligible for rehire but needed to reapply for other positions within the Duke University and Duke University Health Systems.

39. On 7 October 2023, Mr. Foust applied for EDI Program Coordinator position (234383).

40. Due to the delay in Defendants' response to Mr. Foust's appeal of his termination and complaint submitted to the Office of Institutional Equity, Mr. Foust filed a charge of discrimination with the EEOC on or around 9 October 2023.

41. On 13 October 2023, Mr. Foust applied for HR Representative Position (237298).

42. On 17 October 2023, Mr. Foust's application and resume was forwarded to the hiring manager for the HR Representative position (237298).

43. On or about October 27, 2023, I was notified by Nikki Stovall, the Equal Opportunity Compliance Investigator for Duke's Office of Institutional Equity that she received notification from EEOC that I had filed a charge discrimination alleging discrimination based on race, color and retaliation.

44. On 1 November 2023, Mr. Foust applied for Program Manager with Duke Corporate Education.

45. On 2 November 2023, Mr. Foust applied for Program Coordinator –Event Support (236553).

46. On 7 November 2023, Mr. Foust applied for Senior Program Coordinator (238209).

47. On 13 November 2023, Mr. Foust's application and resume was forwarded to the hiring manager for the Senior Program Coordinator position (238209).

48. On 16 November 2023, Nikki Stovall, the Equal Opportunity Compliance Investigator for Duke's Office of Institutional Equity informed Mr. Foust that they would not be moving forward with an investigation of his appeal of Defendants' termination and his complaint of discrimination and retaliation despite Defendant Duke being aware that Susan Gordon had similar complaints of race discrimination from other employees that were a part of Mr. Foust's protected class.

49. On 28 November 2023, Mr. Foust applied for the Program Coordinator position (239186).

50. On 30 November 2023, Mr. Foust's application and resume was forwarded to the hiring manager for the Program Coordinator position (239186).

51. On 1 December 2023, Mr. Foust applied for HR Representative Position (238426).

52. On 4 December 2023, Mr. Foust was not selected to move forward with an interview for the HR Representative Position (238426).

6

53. On 8 December 2023, Mr. Foust received an email from Duke Corporate Education informing Mr. Foust that he was not selected for the interview for the Program Manager position.

54. On 22 December 2023, Mr. Foust applied for Program Coordinator position (239164).

55. On or around 26 December 2023, Mr. Foust received his letter of right to sue, after being terminated on 11 April 2023, by his Supervisor Susan Gordon, Assistant Vice President of Mentoring and Career Engagement of Duke University.

56. On 27 December 2023, Mr. Foust's application and resume was forwarded to the hiring manager for Program Coordinator position (239164) he applied for on 22 December 2023.

57. On 4 January 2024, Mr. Foust received an email from Duke's HR Recruitment informing him that he was no longer being considered for the position (Program Coordinator 239186) that he applied for on November 28, 2023.

58. On 20 January 2024, Mr. Foust applied for Senior Program Coordinator position (240806).

59. On 31 January 2024, Mr. Foust's application and resume was forwarded to the hiring manager for the Senior Program Coordinator position (240806).

60. On 31 January 2024, Mr. Foust applied for Operations Supervisor- Senior Program Coordinator (241005).

61. On 2 March 2024, Mr. Foust received an Email from Duke's HR Recruitment notifying him that he was not selected for the Senior Program Coordinator position (238209).

62. On 15 March 2024, Mr. Foust received an Email from Duke's HR Recruitment notifying him that he was not selected for the Program Manager position (236410) with the Duke Fuqua Education Executive Program.

7

63. On 19 March 2024, a lawsuit was filed against Duke University & Susan Gordon, in her individual capacity in the Middle District of North Carolina, Civil Action No. 1:24-CV-002420LCB-JEP, still pending resolution of claims of initial race discrimination received while employed with Defendants and retaliation received after reporting race discrimination.

64. Since the filing of initial lawsuit additional claims of Defendants failure to rehire in retaliation of Mr. Foust's right to complain of race discrimination remain unaddressed.

65. That upon information and belief, white employees of Defendant Duke did not receive the same type of discriminatory treatment that was experienced by Mr. Foust and other black employees of Defendant Duke.

## COUNT ONE
## TITLE VII RETALIATION

**I. Defendant Duke retaliated against Mr. Foust by denying his right to due process to appeal his wrongful termination and refusing to investigate his complaint of discrimination.**

66. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 65 and incorporates the same by reference herein as if again fully set forth.

67. Mr. Foust's complaints of discrimination and filing of a charge of discrimination on or around 9 October 2023 amounted to protected activity.

68. But for Mr. Foust being black he would not have complained about race discrimination.

69. On 16 November 2023, Defendants retaliated against Mr. Foust by refusing to investigate his appeal of Defendants' termination and his complaint of discrimination and retaliation despite Defendant Duke being aware that Susan Gordon had similar complaints of race discrimination from other employees that were a part of Mr. Foust's protected class.

8

70. Defendant Duke was aware of Susan Gordon's actions and authorized Susan Gordon's actions by failing to stop the Discrimination and facilitating Mr. Foust's termination through their retaliation.

71. A causal connection may be inferred due to the time frame between Mr. Foust's engagement of protected activity and Defendants denial of Mr. Foust's right to Due Process.

72. But for Mr. Foust engaging in his protected right to file a charge of race discrimination he would not have been denied due process to appeal his termination and have his complaint of discrimination reviewed.

73. Mr. Foust has been directly and proximately damaged by Defendant Duke's denial of Mr. Foust's due process rights, including emotional pain and suffering, mental anguish, loss of income, loss of employment, and injury to reputation.

74. Because Defendant Duke engaged in retaliatory discriminatory conduct with malice and reckless indifference to the protected rights of Mr. Foust, Defendant Duke is liable for punitive damages.

75. That as a direct and proximate cause of said retaliation, Plaintiff has been damaged and is entitled to compensatory and punitive damages in an amount in excess of $25,000.00.

## COUNT TWO
## 1981- RETALIATION

**II. Defendant Duke retaliated against Mr. Foust by denying his right to due process to appeal his wrongful termination and refusing to investigate his complaint of discrimination.**

76. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 75 and incorporates the same by reference herein as if again fully set forth.

77. Mr. Foust's complaints of discrimination and filing of a charge of discrimination on or around 9 October 2023 amounted to protected activity.

78. But for Mr. Foust being black he would not have complained about race discrimination.

79. On 16 November 2023, Defendants retaliated against Mr. Foust by refusing to investigate his appeal of Defendants' termination and his complaint of discrimination and retaliation despite Defendant Duke being aware that Susan Gordon had similar complaints of race discrimination from other employees that were a part of Mr. Foust's protected class.

80. Defendant Duke was aware of Susan Gordon's actions and authorized Susan Gordon's actions by failing to stop the Discrimination and facilitating Mr. Foust's termination through their retaliation.

81. A causal connection may be inferred due to the time frame between Mr. Foust's engagement of protected activity and Defendants denial of Mr. Foust's right to Due Process.

82. But for Mr. Foust engaging in his protected right to file a charge of race discrimination he would not have been denied due process to appeal his termination and have his complaint of discrimination reviewed.

83. Mr. Foust has been directly and proximately damaged by Defendant Duke's denial of Mr. Foust's due process rights, including emotional pain and suffering, mental anguish, loss of income, loss of employment, and injury to reputation.

84. Because Defendant Duke engaged in retaliatory discriminatory conduct with malice and reckless indifference to the protected rights of Mr. Foust, Defendant Duke is liable for punitive damages.

85. That as a direct and proximate cause of said retaliation, Plaintiff has been damaged and is

entitled to compensatory and punitive damages in an amount in excess of $25,000.00.

## COUNT THREE
## TITLE VII RETALIATORY FAILURE TO REHIRE

**III. Defendant Duke retaliated against Mr. Foust by failing to rehire him despite Mr. Foust being eligible for rehire.**

86. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 85 and incorporates the same by reference herein as if again fully set forth.

87. Mr. Foust's complaints of discrimination amounted to protected activity.

88. But for Mr. Foust being black he would not have complained about race discrimination.

89. Defendant Duke was aware of Susan Gordon's actions and authorized Susan Gordon's actions by failing to stop the Discrimination and facilitating Mr. Foust's termination.

90. A causal connection may be inferred due to the time frame between Mr. Foust's engagement of protected activity and his write-ups and termination.

91. Defendant Duke retaliated against Mr. Foust by not hiring him for new positions with Duke University that Mr. Foust was eligible for.

92. Prior to Mr. Foust's complaints of discrimination, he was performing at a satisfactory level.

93. Defendant's termination of Mr. Foust was an intentional act of retaliatory discrimination, motivated by Mr. Foust's prior complaints of race discrimination to Human Resources and Susan Gordon.

94. That Defendant's termination and failure to rehire Mr. Foust was an intentional act of retaliatory discrimination, motivated by Defendant's discrimination of Mr. Foust due to him engaging in his protected right to complain of discrimination and file a charge of discrimination with the Equal Employment Opportunity Commission.

11

95. Mr. Foust has been directly and proximately damaged by Defendant Duke's wrongful conduct, including emotional pain and suffering, mental anguish, loss of income, loss of employment, and injury to reputation.

96. Because Defendant Duke engaged in retaliatory discriminatory conduct with malice and reckless indifference to the protected rights of Mr. Foust, Defendant Duke is liable for punitive damages.

97. That as a direct and proximate cause of said retaliation, Plaintiff has been damaged and is entitled to compensatory and punitive damages in an amount in excess of $25,000.00.

## COUNT FOUR
## 1981- RETALIATORY FAILURE TO REHIRE

**IV. Defendant Duke retaliated against Mr. Foust by failing to rehire him despite Mr. Foust being eligible for rehire.**

98. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 97 and incorporates the same by reference herein as if again fully set forth.

99. Mr. Foust's complaints of discrimination amounted to protected activity.

100. But for Mr. Foust being black he would not have complained about race discrimination.

101. Defendant Duke was aware of Susan Gordon's actions and authorized Susan Gordon's actions by failing to stop the Discrimination and facilitating Mr. Foust's termination.

102. A causal connection may be inferred due to the time frame between Mr. Foust's engagement of protected activity and his write-ups and termination.

103. Defendant Duke retaliated against Mr. Foust by not hiring him for new positions with Duke University that Mr. Foust was eligible for.

104. Prior to Mr. Foust's complaints of discrimination, he was performing at a satisfactory level.

12

105. Defendant's termination of Mr. Foust was an intentional act of retaliatory discrimination, motivated by Mr. Foust's prior complaints of race discrimination to Human Resources and Susan Gordon.

106. That Defendant's termination and failure to rehire Mr. Foust was an intentional act of retaliatory discrimination, motivated by Defendant's discrimination of Mr. Foust due to him engaging in his protected right to complain of discrimination and file a charge of discrimination with the Equal Employment Opportunity Commission.

107. Mr. Foust has been directly and proximately damaged by Defendant Duke's wrongful conduct, including emotional pain and suffering, mental anguish, loss of income, loss of employment, and injury to reputation.

108. Because Defendant Duke engaged in retaliatory discriminatory conduct with malice and reckless indifference to the protected rights of Mr. Foust, Defendant Duke is liable for punitive damages.

109. That as a direct and proximate cause of said retaliation, Plaintiff has been damaged and is entitled to compensatory and punitive damages in an amount in excess of $25,000.00

**WHEREFORE**, Plaintiff prays that:

1. He recovers damages, wages, benefits, and other compensation to which he is entitled, from defendants incurred and to be incurred in an amount in excess of $25,000.00;
2. He recovers from Defendants compensatory and punitive damages in an amount to be determined at trial;
3. That Plaintiff's judgment bears such interest as is provided by law;
4. That Plaintiff's employment with Defendants be reinstated;
5. That Plaintiff is able to recover back pay from the Defendants;

6. That the costs of this action be taxed against Defendants and that Plaintiff recover his, attorney's fees and expenses and costs of litigation pursuant to 42 U.S.C § 1988 and N.C. Gen. Stat. § 6- 21.6;

7. And that all issues of fact be tried by jury, and that Plaintiff have such other and further relief as the court may deem just and proper.

Respectfully submitted this the 18th day of November 2024.

**RICHBERG LAW, PLLC**

/s/ Shayla C. Richberg
Shayla C. Richberg, NC Bar No. 44743
Attorney for the Plaintiff
3326 Durham-Chapel Hill Blvd B- 120A
Durham, NC 27707
Phone: 919.403.2444
Fax: 919.869.1440
Email: DefendMe@RichbergLaw.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served upon Defendant and Defendant's attorney of record, by using the electronic filing system and Fed-ex overnight delivery at the contact information below:

/s Robert A. Sar
Robert A. Sar (N.C. Bar No. 22306)
Vanessa N. Garrido (N.C. Bar No. 53470)
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Bob.Sar@ogletree.com
Vanessa.Garrido@ogletree.com
*Attorneys for Duke University*

Amie F. Carmack
Kenzie M. Rakes
Morningstar Law Group
421 Fayetteville Street, Suite 530
Raleigh, NC 27601
acarmack@morningstarlawgroup.com
krakes@morningstarlawgroup.com
*Attorneys for Defendant Susan Gordon*

Duke University
c/o Pamela J. Bernard
310 Blackwell Street, 4th Floor
Durham, NC 27701

**RICHBERG LAW, PLLC**

/s/ Shayla C. Richberg
Shayla C. Richberg
NC Bar No. 44743
Attorney For Plaintiff
3326 Durham-Chapel Hill Blvd B- 120A
Durham, NC 27707
Phone: 919.403.2444
Fax: 919.869.1440
Email: DefendMe@RichbergLaw.com

15