IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FREDDIE FOUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:24-CV-1100 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief Judge.

The plaintiff, Freddie Foust, has sued his former employer, Duke University, asserting several claims under Title VII and 42 U.S.C. § 1981. Duke moves to dismiss. To the extent Mr. Foust's Title VII failure-to-rehire claim concerns positions for which he was not hired on or after January 5, 2024, it may proceed. Mr. Foust has also stated a § 1981 failure-to-rehire claim based on Duke's decisions not to rehire him before and after January 5, 2024. Otherwise, the motion to dismiss will be granted.

I. **Facts as Alleged**

Mr. Foust, an African American man, Doc. 3 at ¶ 15, alleges that in early April 2023, while he was employed at Duke, he complained to the Human Resources Director about racial discrimination and retaliation by his supervisor, Susan Gordon. *Id.* at ¶¶ 26–28. Soon thereafter, Ms. Gordon and the HR Director terminated his employment. *Id.* at ¶ 30. In August 2023, Mr. Foust appealed his termination by filing a complaint with Duke's Office for Institutional Equity, *id.* at ¶ 31, and he repeated his claims of discrimination. *See id.* at ¶ 40 (referencing the "appeal of his termination and complaint submitted to the Office of

Institutional Equity"); *see also id.* at ¶ 48 (referencing "his complaint of discrimination and retaliation").

While his appeal was pending, he met with the Equal Opportunity Compliance Investigator for Duke's Office of Institutional Equity in September 2023, *id.* at ¶ 36, and the Director of Duke's HR Staff and Labor Relations in October 2023 to discuss his complaints of discrimination and retaliation. *Id.* at ¶ 38. He also filed a charge of discrimination with the EEOC on October 9, 2023. *Id.* at ¶ 40. Duke learned of the EEOC charge no later than October 27, 2023. *Id.* at ¶ 43. On November 16, 2023, Duke told him that it "would not be moving forward with an investigation of his appeal of [his] termination and his complaint of discrimination and retaliation." *Id.* at ¶ 48.

Mr. Foust began applying for new positions at Duke in September 2023, *id.* at ¶ 33, and he continued to do so through January 31, 2024. *Id.* at ¶ 60. He was not hired for any of these positions.[1] Most recently, on March 15, 2024, Duke notified Mr. Foust that it would not hire him for a Program Manager position with the Duke Fuqua Education Executive Program. *Id.* at ¶ 62.

## II. Overview of Claims

Mr. Foust asserts four causes of action in this lawsuit, all grounded in claims of retaliation.[2] First, he asserts that Duke retaliated against him by refusing to investigate the

---

[1] Mr. Foust alleges that Duke did not hire him for some positions, *see, e.g.*, Doc. 3 at ¶¶ 52–53, but he does not directly allege this for other positions. *See, e.g., id.* at ¶¶ 34–35. It is reasonable to infer that he was not hired for any of the positions to which he applied.

[2] Before filing this lawsuit, Mr. Foust filed another suit against Duke and Ms. Gordon alleging race discrimination and retaliation under Title VII and § 1981. *Foust v. Duke Univ.*, 24-CV-242 (M.D.N.C.).

2

Case 1:24-cv-01100-CCE-JEP    Document 13    Filed 03/12/25    Page 2 of 10

appeal of his termination and his complaints of discrimination, in violation of Title VII. *Id.* at ¶¶ 66–75 (Count One). Second, he asserts that this same conduct violated his rights under § 1981. *Id.* at ¶¶ 76–85 (Count Two). Third, he asserts that after he complained of racial discrimination and filed an EEOC charge, Duke retaliated by failing to hire him for other positions for which he was eligible, in violation of Title VII. *Id.* at ¶¶ 86–97 (Count Three). Finally, he asserts that this same conduct violated § 1981. *Id.* at ¶¶ 98–109 (Count Four).[3]

## III. Title VII Claims

Title VII makes it "unlawful for an employer to discriminate against an applicant for employment because that applicant has opposed any practice made an unlawful employment practice by Title VII or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024) (cleaned up) (quoting 42 U.S.C. § 2000e-3(a)). "[I]n order to adequately plead a Title VII retaliation claim, the complaint must allege facts supporting a plausible inference that the employer took an adverse employment action against the plaintiff because of the plaintiff's protected activity." *Id.* at 590 (cleaned up) (quoting *Holloway v. Maryland*, 32 F.4th 293, 300 (4th Cir. 2022)).

---

[3] Mr. Foust mentions N.C. Gen. Stat. § 95-241 in the introductory paragraph of his complaint, Doc. 3 at 1, but he does not reference that statute elsewhere in the complaint. *See id.* at ¶¶ 66–109. Nor is it mentioned in his brief. *See* Doc. 11. Similarly, he makes passing reference to due process, Doc. 3 at ¶¶ 71–73, 81–83, a hostile work environment, *id.* at ¶¶ 25, 28, discrimination, *id.* at ¶¶ 70, 80, 89, 101, and retaliatory termination. *Id.* at ¶¶ 70, 80, 89–90, 93–94, 101–02, 105–06, but he does not clearly assert any such cause of action, nor does he identify these in his briefing as claims he is asserting. The Court construes the complaint to assert the Title VII and § 1981 claims discussed herein. If Mr. Foust meant to assert a state law claim or a due process, hostile work environment, discrimination, or retaliatory termination claim, and to the extent those claims are not made in his companion lawsuit, 24cv242, he must seek leave to amend. *See* Fed. R. Civ. P. 15(a)(2); LR 15.1.

3

To adequately plead causation, a plaintiff may rely on temporal proximity between the protected activity and the adverse action, "the existence of facts that suggest that the adverse action occurred because of the protected activity," or a combination of the two. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021) (cleaned up). Moreover, "intervening events can bridge what would otherwise be a prohibitively long temporal gap." *Barbour*, 105 F.4th at 593 (quoting *Holloway*, 32 F.4th at 300).

### A. Count One: Refusing to Investigate

In Count One, Mr. Foust asserts that Duke violated Title VII when it retaliated against him by refusing to investigate his appeal of his termination and his complaints of discrimination. Doc. 3 at ¶¶ 66–75. Because the alleged adverse action occurred more than 180 days before Mr. Foust filed his EEOC charge, the claim is time barred.

Title VII requires employees to exhaust administrative remedies by presenting claims to the EEOC before filing suit. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013) (citing 42 U.S.C. § 2000e-5(b)); *accord Li v. Shepherd Univ.*, 2022 WL 16919271, at *2 (4th Cir. 2022). The charge must be filed "within 180 days after the alleged unlawful practice occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)); *accord McClelland v. Hous. Auth. of Cnty. of Wake, N.C.*, No. 22-CV-204, 2024 WL 4101476, at *13 (E.D.N.C. July 19, 2024).

Here, Mr. Foust filed his EEOC charge on July 3, 2024. Doc. 3 at ¶ 2. Thus, any adverse actions occurring before January 5, 2024, are time barred. Mr. Foust alleges that Duke made the decision not to move forward with the investigations in November 2023, *id.*

at ¶¶ 48, 69, far more than 180 days before he filed the relevant EEOC charge on July 3, 2024. *Id.* at ¶ 2. This claim is time barred, on the face of the complaint.

Even if it was not time barred, the claim would be dismissed for the reasons stated *infra* as to Count Two. The motion to dismiss this claim will be granted.

### B. Count Three: Failure-to-Rehire

In Count Three, Mr. Foust asserts that Duke violated his rights under Title VII by not rehiring him because he engaged in protected activity. *Id.* at ¶¶ 86–97. "[A] claim for retaliatory non-selection will survive a motion to dismiss under Rule 12(b)(6) if the complaint's factual allegations support a plausible inference that the employer did not hire the plaintiff because of her protected activity." *Barbour*, 105 F.4th at 590; (citing *Laurent-Workman v. Wormuth*, 54 F.4th 201, 218–19 (4th Cir. 2022)).

#### 1. Refusals Before January 5, 2024

As noted *supra*, Mr. Foust filed his EEOC charge on July 3, 2024, and adverse actions before January 5, 2024, are time barred. Mr. Foust's failure-to-rehire claim includes a number of decisions made before January 5, 2024, by Duke not to hire him for particular jobs. *See, e.g.*, Doc. 3 at ¶¶ 52–53, 57. To the extent his failure-to-rehire claim is based on these pre-January 5 refusals to hire, the claim is time barred.

Mr. Foust contends his Title VII failure-to-rehire claim based on pre-January 5 conduct is not time barred because those refusals are part of a pattern of discriminatory conduct and are saved by the continuing violation doctrine. Doc. 11 at 5–6. But "discrete discriminatory acts," including termination and refusal to hire, "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R.*

*Passenger Corp.*, 536 U.S. at 113. These pre-January 5 decisions may be relevant, but the continuing violation doctrine does not save these claims.

### 2. Refusals On or After January 5, 2024

Mr. Foust identifies some positions for which Duke decided on or after January 5, 2024, not to hire him. *See, e.g.*, Doc. 3 at ¶¶ 61–62. These claims are not time barred.

He also states a claim for relief. Mr. Foust alleges that he engaged in several different protected activities, beginning in April 2023 when he complained of discrimination to the HR Director for his department. *Id.* at ¶¶ 26–28. He continued his protected activity in August and September 2023 when he complained of discrimination to various people in the Office of Institutional Equity in August and September 2023, *id.* at ¶¶ 32, 36, and in October 2023 when he complained to the Director of HR Staff and Labor Relations, *id.* at ¶ 38, and filed a charge with the EEOC. *Id.* at ¶ 40. Duke did not hire him for a number of jobs while he was in the midst of his protected activity in the fall of 2023, *see, e.g.*, *id.* at ¶¶ 52–53, and those decisions continued after January 5, 2024, when Duke did not hire him for three jobs. *Id.* at ¶¶ 60–62. The pre-January decisions may be barred as a basis for recovery themselves, but those facts are likely still relevant to causation. These allegations give rise to a reasonable inference of causation, at least at this early stage, where only plausibility is required.

Duke makes a series of arguments challenging the sufficiency of Mr. Foust's allegations, but none are persuasive at this stage. Duke's arguments either do not view the allegations in the light most favorable to Mr. Foust or are more appropriate for resolution at a later stage of the proceedings. For example, Duke contends that Mr. Foust does not allege

6

Case 1:24-cv-01100-CCE-JEP    Document 13    Filed 03/12/25    Page 6 of 10

facts tending to indicate that the relevant decisionmakers were aware of his protected activity. Doc. 10 at 17. But a plaintiff does not need to plead specific facts showing such knowledge, so long as the inference of causation is plausible. *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 878 (4th Cir. 2020); *see also Parker v. Whole Food Mkt. Grp, Inc.*, No. 23-CV-3321, 2025 WL 403734, at *8 (D. Md. Feb. 4, 2025).

To the extent Mr. Foust asserts a Title VII claim for retaliatory refusal to rehire based on post-January 5, 2024 decisions by Duke, the claim may proceed. All other aspects of the Title VII failure-to-rehire claim will be dismissed.

## IV. Section 1981 Claims

Mr. Foust raises two claims under § 1981 which mirror his Title VII claims. Unlike Title VII, § 1981 does not contain an administrative exhaustion requirement.

A plaintiff asserting a § 1981 claim must allege facts which allow for a reasonable inference that the interference with the plaintiff's contractual interest would not have happened but for his race. *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). Otherwise, retaliation claims under § 1981 are analyzed similarly to those under Title VII. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (noting that retaliation claims under § 1981 and Title VII have the same prima facie elements); *see also Boone v. Wells Fargo Bank, Nat'l Ass'n*, No. 22-CV-51, 2023 WL 2742360, at *6 (M.D.N.C. Mar. 31, 2023) (same). "[T]o state a § 1981 retaliation claim, a plaintiff must allege facts rendering it plausible that, but for her participation in protected activity, she would not have suffered a materially adverse action." *Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 172–73 (4th Cir. 2020).

### A. Count Two: Refusing to Investigate

In Count Two, Mr. Foust asserts that Duke retaliated against him by ending his appeal of his termination and its investigations into his complaints of discrimination in violation of § 1981. Doc. 3 at ¶¶ 76–85. Courts in this circuit have held that the failure to investigate claims of discrimination are not adverse actions in retaliation cases. *See Burnett v. AstraZeneca Pharms. LP*, No. 22-CV-3335, 2024 WL 5055197, at *11 (D. Md. Dec. 9, 2024) (collecting cases); *see also McLaughlin v. Barr*, No. 20-CV-230, 2020 WL 6875143, at *5 (M.D.N.C. Nov. 23, 2020). The failure to investigate an internal complaint "cannot be considered retaliatory because it leaves an employee no worse off than before the complaint." *Yampierre v. Balt. Police Dep't*, No. 21-CV-1209, 2022 WL 3577268, at *37 (D. Md. Aug. 18, 2022) (cleaned up) (collecting cases). This is not a "significant harm." *Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 657 (4th Cir. 2023).

Mr. Foust has not identified any legal authority to the contrary. Since he has not alleged an adverse action, the motion to dismiss this claim will be granted.

### B. Count Four: Failure-to-Rehire

For the reasons stated *supra* in discussing the post-January 5, 2024, Title VII failure-to-rehire claim, Mr. Foust has alleged sufficient facts to state a § 1981 failure-to-rehire claim. He alleges that he engaged in protected activities by complaining to various supervisors and administrators, Doc. 3 at ¶¶ 26–28, 31–32, 36–38, and by filing an EEOC charge in October 2023. *Id.* at ¶ 40. He further alleges that because he engaged in those protected activities throughout 2023, he was not rehired for various positions at Duke beginning in the fall of 2023 and into 2024. *See, e.g., id.* at ¶¶ 52–53, 57, 61–62. Because

§ 1981 does not impose the exhaustion requirement of Title VII, *Jones v. City of Salisbury*, No. 22-CV-2628, 2023 WL 5565831, at *3 (D. Md. Aug. 28, 2023); *Donald v. Novant Health, Inc.*, 689 F. Supp. 3d 170, 179 (E.D.N.C. Sept. 1, 2023), this failure-to-rehire claim may be based on actions that occurred before and after January 5, 2024.

Duke relies on the same arguments that it made in opposition to his Title VII failure-to-rehire claim. *See* Doc. 10 at 15–18. For the reasons stated *supra*, those objections are overruled.

Duke also contends that this claim should be dismissed because Mr. Foust does not sufficiently allege that Duke failed to rehire him because of his race. *Id.* at 16. But Mr. Foust has alleged that he engaged in protected activity protesting discrimination because of his race, *see* Doc. 3 at ¶¶ 20–21, 24, 26, 40, 88, and that he was not rehired because he engaged in that protected activity. *Id.* at ¶ 106. Mr. Foust has stated a failure-to-rehire claim under § 1981, so the motion to dismiss this claim will be denied.

V. **Conclusion**

Mr. Foust's Title VII retaliation claim based on Duke's decisions to end the appeal of his termination and not investigate his assertions of discrimination is time barred and will be dismissed. It is also subject to dismissal because he has not alleged facts allowing a plausible inference of liability, as is his related § 1981 claim.

His Title VII failure-to-rehire claim will be dismissed to the extent it is based on decisions not to hire him before January 5, 2024. But he has stated a Title VII failure-to-rehire claim to the extent it is based on decisions not to hire him on or after January 5, 2024,

and that claim will proceed. Mr. Foust has stated a § 1981 failure-to-rehire claim for all decisions between September 2023 and into 2024, and that claim will proceed.

It is **ORDERED** that the defendant's motion to dismiss, Doc. 9, is **GRANTED in part and DENIED in part** as follows:

1. The motion to dismiss is **DENIED** as to Mr. Foust's Title VII failure-to-rehire claim to the extent it is based on Duke's refusal to hire him on or after January 5, 2024. That claim will proceed.

2. The motion to dismiss is **DENIED** as to Mr. Foust's § 1981 failure-to-rehire claim. That claim will proceed.

3. The motion is otherwise **GRANTED**, and all other claims are **DISMISSED.**

4. The defendant **SHALL** file answer no later than March 27, 2025.

5. The matter is referred to the Magistrate Judge for an initial pretrial scheduling conference.

This the 12th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE